563 P.2d 908
**The STATE of Arizona, Appellee,**

v.

**Charles MICHELENA, Appellant.**

**No. 2 CA–CR 917.**

Court of Appeals of Arizona,
Division 2.

Jan. 28, 1977.

Rehearing Denied March 30, 1977.

Review Denied May 3, 1977.

Bruce E. Babbitt, Atty. Gen., by Heather Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Robert L. Murray, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was found guilty of unlawful possession of a narcotic drug in violation of A.R.S. § 36–1002, as amended. The court imposed a sentence of a fine of $600, to be paid $50 per month, and ordered that appellant be incarcerated in the Pima County Jail until the fine was paid but that the execution of the jail sentence be suspended for one year and that appellant be placed on probation for that period.

Appellant's basis of appeal is the trial court's denial of his motion to suppress. The facts applicable to the disposition of this case are as follows. Deputy Sheriff Fiscella testified that he stopped appellant for a speeding violation and, when he did so, determined that there was an outstanding warrant for appellant's arrest. He informed appellant that he was under arrest and searched him for weapons and contraband but failed to find either. Appellant was advised that if he had anything on his person that had been missed in the search, he should tell the officer then because a strip search would be conducted at the jail and it would be found anyway. The officer did not advise appellant of his *Miranda* rights. Appellant then informed the officer that he had drugs in his pocket, and the officer removed a usable amount of cocaine from appellant's shirt pocket.

Whether the exclusionary rule applies in a no-*Miranda* warning situation is not necessary to the disposition of this case. Assuming arguendo that it does, there is a recognized exception as to evidence derived from an unlawful search or other illegal police conduct where the normal course of police investigation would, in any event, even absent the illicit conduct, have inevitably led to such evidence. *People v. Fitzpatrick*, 32 N.Y.2d 499, 346 N.Y.S.2d 793, 300 N.E.2d 139 (1973), and authorities cited therein.

The detention officer at the Pima County main detention facility testified at the suppression hearing that whenever someone is booked into the detention facility, a strip search is performed and the clothing is gone through inside and out for contraband. Under such a search the cocaine would have been found in appellant's

shirt pocket. The motion to suppress therefore was properly denied.

We have reviewed the entire record, A.R.S. § 13–1715, and find no fundamental error. The judgment and sentence are affirmed.

HOWARD, C. J., and HATHAWAY, J., concurring.